[L. A. No. 10121. In Bank.—December 17, 1927.]

In the Matter of the Estate of LEONARD OVID VAUGHAN, Deceased. HOWARD SMITH VAUGHAN, Appellant, v. DAVID N. KELLY et al., Respondents.

[L. A. No. 10122. In Bank.—December 17, 1927.]

In the Matter of the Estate of LEONARD OVID VAUGHAN, Deceased. EDNA VAUGHAN DANIELS, Appellant, v. DAVID N. KELLY et al., Respondents.

[1] ESTATES OF DECEASED PERSONS — WILL CONTEST — PARTIES — APPEAL.—Persons whose one interest under the will of a decedent is a specific bequest of a certain sum of money to each are not parties aggrieved who are entitled to appeal in a contest of the will, in which a decree was rendered upon the stipulation of all of the parties to the contest (appellants not having appeared in the contest), by which decree the contest was settled and the estate distributed according to the stipulation, in lieu of the provisions of the will, neither of said parties being entitled to share in any other property or in the residue of the estate, and their time for contesting the will having passed.

(1) 40 Cyc., p. 1351, n. 1.

MOTION to dismiss appeals from a judgment of the Superior Court of Orange County. James L. Allen, Judge. Appeals dismissed.

The facts are stated in the opinion of the court.

Feemster & Cleary for Appellants.

Scarborough, Forgy & Reinhaus, A. W. Rutan, Head, Rutan & Scovel, Clyde Bishop and Chas. D. Swanner for Respondents.

WASTE, C. J.—Leonard Ovid Vaughan died testate, leaving an estate which was subsequently inventoried in an amount in excess of $230,000. By the terms of the will practically the entire estate, all of which was declared by

1. See 2 Cal. Jur. 215; 26 Cal. Jur. 1110.

the testator to be his separate property, was divided among the decedent's children, grandchildren, and other relatives. He bequeathed to his wife, Grace B. Vaughan, "one thousand dollars and no more." After the admission of the will to probate, the surviving wife instituted a contest, and filed a petition for revocation of the will upon various grounds, and citation was issued. David N. Kelly, the executor of the will, Gertrude F. Wagner, a daughter, and various minors by their guardian *ad litem*, A. W. Rutan, filed an answer, putting in issue the allegations of the contestant. The citation was served on Edna Vaughan Daniels, a daughter of the decedent, and on Howard Smith Vaughan, a son, among others, but they did not appear. Other than noted, there were no appearances, pleadings, or opposition to the contest.

When the matter came on for hearing, the contestant, the parties who had answered, and Charles E. Wagner, as trustee for the grandchildren, appeared and stipulated for the entry of a judgment and decree. The stipulation was approved by the court, and on April 12, 1927, a decree was entered by the terms of which it was ordered (1) that the contest of the surviving wife of the decedent be denied; (2) that there be distributed to her, in lieu of the provision in the will, certain designated and described real property; (3) that there be distributed to Gertrude F. Wagner certain real property, with a provision for the execution by her of a promissory note in favor of the trustee for the grandchildren, and (4) "that in all other particulars, distribution be had in accordance with the last will and testament of said deceased." No notice of the entry of the decree was given to any of the parties named in or served with the citation.

On the sixth day of May following, Edna Vaughan Daniels and Howard Smith Vaughan severally filed notices of intention to move for a new trial of the proceeding to revoke the probate of the will. The motions, each of which was noticed to be made on statutory grounds and upon the minutes of the court, came on regularly for hearing and were duly argued. The court took the matter under advisement, but no decision or order disposing of the motions was made. Within sixty days after its entry Edna Vaughan Daniels and Howard Smith Vaughan each filed in the court below a notice of appeal to this court from the judgment and decree entered by stipulation on April 12th. All the parties who

appeared and stipulated to the judgment and decree below have united here, as respondents, in motions to dismiss these appeals, upon the ground that no transcript of the record has been prepared or filed within time, and on the further ground that the appeals are not taken by parties to the proceedings in which the judgment was made, and that the appellants are not parties aggrieved by the order and decree entered.

[1] We deem it sufficient to consider only the last ground of the motions to dismiss, that the persons attempting to appeal are not parties aggrieved by the judgment. No interests of the appellants were injuriously or at all affected by the settlement of the contest. No personal rights or property interests of either of them are so affected by a judgment relating only to the interests of other parties to the proceeding to revoke the probate of the will as to render them aggrieved parties. They, as participants in the distribution of the estate to be finally made, are in exactly the same position as they were before the rendition of the judgment. The only interest either of them had was a specific bequest of the sum of $1,000. Neither was entitled to share in any other property or in the residue of the estate. No contest was, or can now be, instituted by the appellants, and their interests are still fixed and limited by the provisions of the will as admitted to probate. All claims and demands against the estate, except expenses of administration, compensation of the executor and his attorneys and state inheritance taxes amounting to less than $1,000, have been paid, and the executor has in his possession real and personal property valued in excess of $130,000. The only bequests to be paid are legacies totaling $6,000, of which $1,000 is a legacy to the appellant Edna Vaughan Daniels, and $1,000 a legacy to the appellant Howard Smith Vaughan.

It therefore follows that the purported appeals have not been taken by parties aggrieved by the judgment, and they should be and each of them is ordered dismissed.

Richards, J., Shenk, J., Seawell, J., Langdon, J., Preston, J., and Curtis, J., concurred.